Lucrecia Blanc RAMOS–CHAMANA DE ZEVALLOS, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 02–72389.
Agency No. A76–857–709.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2003.*

Decided Dec. 1, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See   Fed. R.App. P. 34(a)(2).

Stephen Shaiken, Law Offices of Stephen Shaiken, San Francisco, CA, for Petitioner.

Lucrecia Blanc Ramos–Chamana De Zevallos, pro se, South San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Cindy S. Ferrier, Washington, DC, Linda S. Wendtland, Donald A. Couvillon, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before FARRIS, TROTT, Circuit Judges, and WEINER,** Senior District Judge.

MEMORANDUM***

Lucrecia Blanc Ramos–Chamana De Zevallos, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' decision denying her motion to remand and affirming an Immigration Judge's denial of her motion to reopen after she was denied asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

■ We review rulings denying motions to reopen and remand for abuse of discretion and will not reverse such rulings unless the BIA acted arbitrarily, irrationally, or contrary to the law. *Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999); *Lainez–Ortiz v. INS*, 96 F.3d 393, 395 (9th Cir.1996). To prevail on a motion to reopen, Petitioner must demonstrate that the evidence she seeks to introduce was not available and could not have been discovered or presented at the initial evidentiary hearing. *See* 8 C.F.R. § 1003.2(c)(1); *Bolshakov v. INS*, 133 F.3d 1279, 1282 (9th Cir.1998). In her motion to reopen, Petitioner did not explain why the new evidence was previously unavailable, she simply stated she was unable to obtain this statement prior to the immigration judge's hearing. Therefore, the BIA was within its discretion in denying the request to reopen. *See Bolshakov*, 133 F.3d at 1282.

■ Petitioner contends that the motion to remand and supporting declaration filed while her BIA appeal was pending should have been construed as a supplement to her previously-filed motion to reopen. But nothing required the BIA to construe the two motions together in this manner. *See Guzman v. INS*, 318 F.3d 911, 913 (9th Cir.2003) (although it may be "plausible" for the BIA to consider the motion to remand as a supplement to, or an amendment of, the motion to reopen, BIA did not abuse its discretion by construing the motion to remand as a second motion to reopen). Even if the motions to remand and reopen were construed together, they would not have entitled Petitioner to relief. The declaration submitted with the motion to remand reflects that the new evidence— in the form of a letter from Petitioner's

** Hon. Charles R. Weiner, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

sister—was previously available, but that Petitioner chose not to obtain it. The motions together fail to provide grounds to reopen.

██ Nor did the BIA abuse its discretion in denying Petitioner's motion to remand as time-barred. A motion to remand is treated like a motion to reopen. *See Ramirez–Alejandre v. Ashcroft,* 319 F.3d 365, 382 (9th Cir.2003) (en banc) (amended on rehearing). Such motions must be filed within 90 days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). Petitioner's motion to remand was filed over 90 days after the immigration judge's ruling denying her asylum. The BIA did not abuse its discretion in denying the motion as untimely. *See* 8 C.F.R. § 1003.2(c)(2).

Finally, Petitioner argues the IJ erred in barring relief for her failure to depart. This contention lacks merit. The BIA, reviewing de novo, did not reach this issue. *See Ghaly v. INS,* 58 F.3d 1425, 1430 (9th Cir.1995) (where the BIA conducted de novo review, this Court's review is limited to the BIA's decision).

The petition for review is denied.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.