**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

**MAY 31 2005**

**CATHY A. CATTERSON, CLERK**
**U.S. COURT OF APPEALS**



| | |
|---|---|
| JOSE ROBERTO FERNANDEZ-RUIZ, <br><br> Petitioner, <br><br> v. <br><br> ALBERTO R. GONZALES\*, Attorney General, <br><br> Respondent. | No. 03-74533 <br><br> Agency No. A90-116-400 <br><br> OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and  Submitted May 10, 2005
San Francisco, California

Filed May 31, 2005

Before: REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

REINHARDT, Circuit Judge

  Jose Roberto Fernandez-Ruiz, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order affirming an immigration

---

  * Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

judge's decision to rescind Fernandez-Ruiz's lawful permanent resident status, remove him from the country, and deny him any relief from removal. We deny the petition.

The government argues that we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(C) for three separate reasons. Specifically, it argues that we lack jurisdiction because each of two crimes committed by Fernandez-Ruiz qualifies as an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii) and each provides a separate basis for removal under that sub-section, and because Fernandez-Ruiz also committed two crimes of moral turpitude, the minimum number that serves as a basis for removal under 8 U.S.C. § 1227(a)(2)(A)(ii).

We have always retained jurisdiction to determine our jurisdiction, and so have always been free to evaluate whether Fernandez-Ruiz's convictions were qualifying offenses for the purpose of these jurisdictional bars. *See, e.g.*, *Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir. 2000). Until recently, however, two subsections of 8 U.S.C. § 1252 routinely barred this court from exercising jurisdiction over the merits of certain petitions for review. Specifically, § 1252(a)(2)(B) barred review of many denials of discretionary relief under the Immigration and Naturalization Act ("INA") and, more pertinent to the case before us, § 1252(a)(2)(C) barred review of final orders of removal for aliens who had

2

been convicted of certain kinds of criminal offenses. Then on May 11, 2005, the President signed the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, into law.

Section 106(a)(1)(A)(iii) of the REAL ID Act amends 8 U.S.C. § 1252 by adding a new provision, § 1252(a)(2)(D), as follows:

> Judicial Review of Certain Legal Claims.-
> Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

By this amendment, Congress restored judicial review of constitutional claims and questions of law presented in petitions for review of final removal orders.[1] It did so by providing that nothing in 8 U.S.C. § 1252(a)(2)(B), (C), or any other provision of the INA shall preclude judicial review of such orders, unless such review is barred by some other provision of 8 U.S.C. § 1252 . In short, Congress repealed all jurisdictional bars to our direct review of final removal orders other than those remaining in 8 U.S.C. § 1252 (in provisions other than (a)(2)(B) or (C)) following the amendment of that section by the REAL ID Act.

---

[1] The REAL ID Act's jurisdictional provisions apply to final deportation and exclusion orders as well. *See* § 106(b). Although deportation and exclusion orders are no longer being issued, there are a number of such orders the ultimate validity of which is yet to be determined.

Furthermore, in the REAL ID Act, Congress explicitly made the amendments restoring our jurisdiction retroactive. Specifically, it stated that § 1252(a)(2)(D) "shall take effect upon the date of the enactment" and that it shall apply to any case "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment." REAL ID Act § 106(b). Therefore § 1252(a)(2)(D), as added by the REAL ID Act, applies to this petition for review, as well as to all other pending or future petitions for direct review challenging final orders of removal, except as may otherwise be provided in § 1252 itself. Because we are no longer barred by § 1252(a)(2)(C) from reviewing Fernandez-Ruiz's petition on account of his past convictions, and because no other provision of § 1252 serves to bar our review of that petition for any reason, we now review Fernandez-Ruiz's petition on the merits.

The BIA held that Fernandez-Ruiz was removable because he had been convicted of a crime of domestic violence, 8 U.S.C. § 1227(a)(2)(E)(i).[1] We agree with the BIA that he is removable for his 2003 domestic violence offense. Fernandez-Ruiz was convicted under Ariz. Rev. Stat. §§ 13-1203 and 13-3601 for

---

[1] The BIA also held Fernandez-Ruiz removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for being an aggravated felon and under 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of two or more crimes involving moral turpitude. However, as we find the domestic violence ground sufficient, we need not discuss the other two.

4

a Class 2 misdemeanor domestic violence assault. Because he pled guilty to a Class 2 misdemeanor, Fernandez-Ruiz must necessarily have been convicted of violating either Ariz. Rev. Stat. §§ 13-1203(A)(1) or (2). *See* Ariz. Rev. Stat. § 13-1203(B). Both of these sub-sections require "the use, attempted use, or threatened use of physical force against the person or property of another," and thus are crimes of violence under 18 U.S.C. § 16(a). *See United States v. Ceron-Sanchez*, 222 F.3d 1169, 1172 (9th Cir. 2000). Furthermore, there is no doubt that the crime was one of domestic violence because it was designated as such under Ariz. Rev. Stat. § 13-3601. Accordingly Fernandez-Ruiz's offense constituted a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i), and he is removable on that basis. Although Fernandez-Ruiz seeks a waiver of deportation under 8 U.S.C. § 1182(c) for the domestic violence conviction at issue, the relief he seeks is not available to him, because the provision affording that remedy was repealed in 1996 and the conviction did not occur until 2003. *Cf. INS v. St. Cyr,* 533 U.S. 289 (2001).

Fernandez-Ruiz also seeks relief in the form of cancellation of removal. However, aggravated felons are ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3), and, as the BIA correctly determined, Fernandez-Ruiz is an aggravated felon within the meaning 8 U.S.C. § 1101(a)(43)(G). In 1992,

Fernandez-Ruiz was convicted of, and sentenced to one year or one year and sixty days,[1] for the crime of theft: that is, knowingly, and without lawful authority, controlling the property of another with the intent to deprive that person of it. *See* Ariz. Rev. Stat. § 13-1802(A)(1) & (C) (1992). This crime is, categorically, an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(G); *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 886-87 (9th Cir. 2003); *United States v. Corona-Sanchez*, 291 F.3d 1201, 1204-05 (9th Cir. 2002) (en banc).[2] Two apparent linguistic differences exist between the Arizona statute and the federal theft statute but do not constitute material differences for purposes of the categorical analysis. First, Arizona's requirement that the taking occur "without lawful authority," is, if anything, narrower than the federal law's requirement that the taking be "without consent." *Compare* Ariz. Rev. Stat. § 13-802(A)(1) & (C) (1992), *with Corona-Sanchez*, 291 F.3d at 1203. Second, Arizona's requirement of "intent to deprive" appears in a criminal statute, and thus is identical to the federal requirement of "criminal intent

---

[1] The time was imposed for probation violations, but that does not affect our conclusion. *See United States v. Carrillo-Lopez*, 313 F.3d 1185, 1186-87 (9th Cir. 2002); *United States v. Jimenez*, 258 F.3d 1120, 1125-26 (9th Cir. 2001); *State v. Herrera*, 588 P.2d 305, 308 (Ariz. 1978).

[2] That the felony was a "wobbler" and was ultimately designated as a misdemeanor does not affect our conclusion. *See United States v. Alvarez-Gutierrez*, 394 F.3d 1241, 1243-45 (9th Cir. 2005).

6

to deprive." *Id*. Therefore, Fernandez-Ruiz is ineligible for cancellation of removal as well.

In sum, although we have jurisdiction over Fernandez-Ruiz's petition for review, we affirm that he is removable and that he is not eligible to receive any of the forms of relief he seeks.

Petition for review **DENIED**.

**COUNSEL LISTING**

Erica K. Rocush, Tucson, Arizona for Petitioner.

Peter D. Keisler, Assistant Attorney General; David V. Bernal, Assistant Director; and S. Nicole Nardone, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington D.C., for Respondent.