**Felix LOPEZ–SANTACRUZ, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–72973.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2005.\*\*

Decided June 14, 2005.

Elsa I. Martinez, Martinez, Goldsby & Associates, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony C. Payne, Esq., Barry J. Pettinato, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, Circuit Judges, and RESTANI,\*\*\* Judge.

MEMORANDUM \*\*\*\*

Felix Lopez–Santacruz petitions for review of the BIA's denial of his motion to reopen his removal proceedings. In an order dated July 25, 2003, the BIA denied the motion as untimely. The government argues that we lack jurisdiction to review the BIA's decision pursuant to 8 U.S.C. § 1252(a)(2)(C). However, the Real ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, "repealed all jurisdictional bars to our direct review of final removal orders other than those remaining in 8 U.S.C. § 1252 (in provisions other than (a)(2)(B) or (C))." *Fernandez–Ruiz v. Gonzales,* 410 F.3d 585 (9th Cir.2005).

We affirm the BIA's denial of the motion to reopen as untimely. A motion to reopen must be filed within 90 days of date of the BIA decision. 8 C.F.R. § 1003.2(c)(2). The BIA issued its decision on April 18, 2002. In order to be timely a motion to reopen should have been filed no later than July 17, 2002. Lopez–Santacruz filed his motion one day late, on July 18, 2002.

Lopez–Santacruz argues the filing period should be equitably tolled because his then-counsel did not inform him of the BIA decision until May 24, 2002, more than a month after it issued. "This court ... recognizes equitable tolling of deadlines and numerical limits on motions to reopen ... during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Ituribarria v. INS,* 321 F.3d 889, 898 (9th Cir.2003). Equitable tolling is inappropriate in this case for two reasons. First,

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Lopez–Santacruz did not seek equitable tolling before the BIA, and thus he has not exhausted his administrative remedies. *See* 8 U.S.C. § 1252(d)(1). Second, even if Lopez–Santacruz had exhausted his administrative remedies, he has not shown that he was prevented from filing by "deception, fraud, or error." Lopez–Santacruz was informed of the BIA decision on May 24, 2002, which was 54 days before the filing deadline. Thus, Lopez–Santacruz had ample opportunity to file a timely motion. We cannot hold, on these facts, that the BIA abused its discretion in denying Lopez–Santacruz's motion to reopen. *See INS v. Doherty,* 502 U.S. 314, 323–24, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (holding that the denial of a motion to reopen is reviewed for abuse of discretion).

Petition for review DENIED.