Herman **APPEL**, Petitioner–Appellant,

v.

Alberto R. **GONZALES**, Attorney General, Respondent–Appellee.

No. 03–56986.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2005.

Decided Aug. 25, 2005.

---

4. The indictment also includes the language of "acting in an official capacity" from the first clause.

Ronald H. Bonaparte, Los Angeles, CA, for Petitioner–Appellant.

Frank M. Travieso, Esq., Karen H. Shelton, Esq., Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Respondent–Appellee.

Before: FARRIS, D.W. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Petitioner Herman Appel appeals the district court's denial of his petition for a writ of habeas corpus. He argues he should be eligible to file an application for waiver of deportation pursuant to the now-repealed § 212(c) of the Immigration and Nationality Act, and that denial of his application pursuant to the 1996 amendments to that Act, which barred § 212(c) relief, *see* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 § 204(B), 110 Stat. 3009–546 (repealing INA § 212(c)), constitutes impermissible retroactivity. He is not so entitled, and the application of the INA amendments were not impermissibly retroactively applied to him. His petition is denied.

This Court has jurisdiction to review the questions in this habeas petition pursuant to § 242(b)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1252, and § 106(c) of the REAL ID Act of 2005, Pub.L. No. 109–13, § 106, 119 Stat. 231, 310–11 (May 11, 2005). Section 106(c) directs district courts in which 28 U.S.C. § 2241 habeas petitions were pending on May 11 to transfer those cases to the appropriate courts of appeals, which are then to review them as if they had been brought as direct appeals pursuant to INA § 242(b)(2), as amended by the REAL ID Act. The Section does not on its face apply to petitions pending before the courts of appeals, but we have previously held that such petitions should be treated as timely filed petitions for direct review. *Alvarez–Barajas v. Gonzales,* No. 04–55733, 2005 WL 1906672, at *2–3 (9th Cir. Aug.11, 2005).

Appel's argument can be interpreted either as an argument that the INS's decision to delay commencing deportation proceedings violated his rights (perhaps to due process), or that the Illegal Immigration Reform and Immigrant Responsibility Act's bar to 212(c) waiver relief may not be applied retroactively to him because such relief was available to him when he was convicted. If interpreted as an argument of delay violating his rights, Appel's argument is unavailing, regardless of whether he has sufficiently raised it. In the first instance, this Court has no jurisdiction to review any naked non-constitutional claim that there was error in the decision to delay removal proceedings until 1997. 8 U.S.C. § 1252(g); *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 598–99 (9th Cir. 2002).[1] This Court retains jurisdiction, though, to review the "purely legal" question of the infringement of Appel's rights to due process inherent in that delay. *Id.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Section 1252(g), which bars review of claims arising from the decision by the Attorney General to "commence proceedings," re-

mains intact after the passage of the REAL ID Act, which only alters jurisdiction as to the former subsections 1252(a)(2)(B) and (a)(2)(C). REAL ID Act § 106(a)(1)(A)(iii); *see also Fernandez–Ruiz v. Gonzales,* 410 F.3d 585, 587 (9th Cir.2005).

Unfortunately for Appel, he can identify no liberty or property interest implicated by the delay, and due process guarantees apply only when such an interest is at stake. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). It cannot be that Appel had a "liberty" interest in having removal proceedings brought against him, and he cannot claim a vested interest in any pre-removal "right" to apply for a 212(c) waiver, since such a right would only vest at the commencement of removal proceedings.

More directly, Appel argues that under the analysis outlined in *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), and followed in *I.N.S. v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the application of the IIRIRA's 212(c) prohibition is impermissible.[2] It is not.

Appel was convicted by jury of the crimes leading to his removal proceedings. As this Court had determined before *St. Cyr,* and has reiterated thereafter, petitioners in Appel's position are not entitled to relief from the application of the AEDPA/IIRIRA prohibitions on § 212(c) waivers. *See Magana–Pizano v. INS,* 200 F.3d 603, 614 (9th Cir.1999) (holding that bars on 212(c) relief do not apply to aliens entering pre-AEDPA *nolo contendere* or guilty pleas in reliance on 212(c) availability, but that those bars do apply to aliens convicted through other means prior to the enactment of AEDPA and whose proceedings commenced post-AEDPA); *United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (same, citing *Magana–Pizano* ); *Armendariz–Montoya v. Sonchick,* 291 F.3d 1116, 1121–22 (9th Cir. 2002) (same); *United States v. Hovsepian,* 359 F.3d 1144, 1157 n. 6 (9th Cir.2004) (en

banc) (noting, in dicta, the distinction, for purposes of the retroactive application of statutes making previously undeportable aliens deportable, between aliens convicted after trial and those who enter pleas); *see also Kelava v. Gonzales,* 410 F.3d 625, 629–630 (9th Cir.2005). The IIRIRA was permissibly applied to Appel, and his petition was properly denied.

**PETITION DENIED.**

---

**2.** This Court retains jurisdiction to review this claim. *See Jimenez–Angeles,* 291 F.3d at 599–600.