Jose Alfego **PARTIDA–SERRANO,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–70618.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 2005.

Transfer Order Filed May 13, 2005.

Petition for Rehearing Granted and Order Withdrawn July 6, 2005.

Resubmitted Aug. 24, 2005.*

Decided Aug. 29, 2005.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dan R. Larsson, Law Office of Dan R. Larsson, Bend, OR, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Portland, OR, Cindy S. Ferrier, Washington, DC, for Respondent.

Before GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Jose Alfego Partida–Serrano ("Partida") petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion the decision of the Immigration Judge ("IJ"), who found Partida removable and denied his request for relief from deportation under former § 212(c) of the INA. Partida contends, first, that he did not receive a full and fair hearing because the IJ was biased against him, and second, that the BIA inappropriately streamlined his case. Because the BIA affirmed without opinion the decision of the IJ, we review the IJ's opinion, which is the final agency action. *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 851 (9th Cir.2004). We deny the petition for review.[1]

Partida's primary challenge to his removal order is his contention that the IJ was biased against him. An immigrant certainly has a due process right to a full and fair hearing before an impartial judge. *Reyes–Melendez v. INS,* 342 F.3d 1001, 1006 (9th Cir.2003). Here, however, the record does not reflect that the IJ was biased. Rather, the IJ's opinion is both thorough and thoughtful. In addition, the record establishes that the IJ took considerable pains to allow Partida to explain himself, encouraging Partida to clarify his testimony, emphasizing the importance of doing so. Thus, we reject Partida's assertion that the IJ was biased. *Compare Zolotukhin v. Gonzales,* 417 F.3d 1073, 1076 (9th Cir.2005) (granting a petition for review in part because the IJ "cut off" testimony from the petitioner).

Partida also claims that the IJ failed to weigh properly the positive factors in favor of his § 212(c) application, such as his family and community support, and his efforts at rehabilitation. *See Georgiu v. INS,* 90 F.3d 374, 375 (9th Cir.1996) (per curiam). Once again, the record belies Partida's claims; it establishes that the IJ was aware of the positive factors, considered them, and decided against extending § 212(c) relief to Partida.

Finally, we reject Partida's assertion that the BIA improperly streamlined his case. Given that we can reach the merits of Partida's arguments, additional review of the streamlining decision "would be su-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. In a May 13, 2005, Order, we transferred Partida's case to the district court on the ground that we lacked jurisdiction to review his order of removal. The passage of the Real ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, however, conferred on us jurisdiction over Partida's claims. *See Fernandez–Ruiz v. Gonzales,* 410 F.3d 585, 587 (9th Cir.2005). We therefore granted Partida's Petition for Panel Rehearing and withdrew our earlier Order.

perfluous." *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003).

PETITION FOR REVIEW DENIED.