Marco Antonio URIBE, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 03–72527, 04–71819.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 4, 2005.*

Decided Sept. 26, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Elena Yampolsky, Los Angeles, CA, for Petitioner.

Carlos Vellanoweth, Esq., John Wolfgang Gehart, Vellanoweth & Gehart, LLP, Los Angeles, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Efthimia S. Pilitsis, Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Marco Antonio Uribe petitions for review of two orders of the Board of Immigration Appeals denying his motions to reopen and to reconsider in order for Uribe to apply for adjustment of status. We deny his petitions.

Despite the government's contention and Uribe's concession that we lack jurisdiction, the intervening REAL ID Act of 2005, Pub.L. No. 109–13, § 106(a)(1)(A)(iii), 119 Stat. 231, 310–311, restores our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Fernandez–Ruiz v. Gonzales,* 410 F.3d 585, 587 (9th Cir.2005). We therefore address the merits of the Board's orders and hold that the Board did not act contrary to law. *See* 8 U.S.C. § 1252(a)(2)(D).

Contrary to Uribe's argument, the Board did not fail to give him the benefit of our decision in *Ordonez v. INS,* 345 F.3d 777 (9th Cir.2003). In its order denying reconsideration, the Board acknowledged that, under *Ordonez,* Uribe was not statutorily barred from moving to reopen to seek an adjustment of status. The Board held, however, that as part of its exercise of discretion in considering the motion to reopen, it could take into account the fact that Uribe had not voluntarily departed within the prescribed period, which had expired before Uribe moved

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

to reopen. This discretionary action by the Board did not violate *Ordonez,* which was based on a statute that created a specific bar to eligibility for relief and then provided that the bar did not apply to an alien who was not forewarned of that particular consequence of failing to depart voluntarily. *See id.* at 783; 8 U.S.C. § 1252b(e) (repealed). The statute did not limit the Board's exercise of discretion. Moreover, *Ordonez* noted that part of the reasoning behind the statute was that an alien who had not been properly forewarned might "incorrectly assume that while appeals are pending, the alien will not be required to depart." *Id.* at 784. Here, however, no appeals remained pending when Uribe permitted the time for voluntary departure to expire without his leaving. The Board accordingly did not act arbitrarily, irrationally, or contrary to law in weighing as one factor against Uribe his failure voluntarily to depart.

■ Uribe also does not qualify for tolling of his voluntary departure period under the rule of *Azarte v. Ashcroft,* 394 F.3d 1278 (9th Cir.2005), because he did not move to reopen or request a stay until after his period of voluntary departure had expired. *See id.* at 1288 n. 20, 1289.

**PETITIONS FOR REVIEW DENIED.**