**Erlinda Ongkingco BALUYOT,
Petitioner—Appellant,**

v.

**Alberto R. GONZALES,\* Attorney
General of the United States,
Defendant—Appellee.**

No. 04–15655.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 20, 2005.\*\*

Decided Nov. 3, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephen Shaiken, Esq., Law Office of Stephen Shaiken, San Francisco, CA, for Petitioner–Appellant.

Edward A. Olsen, Esq., USSF–Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before: TROTT and RYMER, Circuit Judges, and PLAGER,\*\*\* Senior Judge.

## MEMORANDUM \*\*\*\*

Erlinda Ongkingco Baluyot appealed the district court's denial of her petition for a writ of habeas corpus and her petition for a writ of mandamus. Because her appeal was pending at the time Congress enacted the REAL ID Act, Pub.L. 109–13, 119 Stat. 231, § 106, we will treat her appeal as a petition for review from the decision of the Board of Immigration Appeals. *Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1053 (9th Cir.2005).

Though we lack jurisdiction to review discretionary denials of requests for voluntary departure, 8 U.S.C. § 1252(a)(2)(B)(i), we retain jurisdiction to review constitutional claims and questions of law involving such denials. 8 U.S.C. § 1252(a)(2)(D). *See also Fernandez–Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir.2005). Therefore, we reach the merits of petitioner's statutory interpretation and due process claims.

We review de novo purely legal questions regarding the immigration laws, but the Board's interpretation of an immigration statute is entitled to deference "unless that interpretation is contrary to the plain and sensible meaning of the statute." *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir.2004).

■ The immigration judge did not err in interpreting 8 U.S.C. § 1229c(b)(1)(D) to require a current passport in order for the petitioner to be eligible for voluntary departure. The voluntary departure regulations specifically require a travel document "sufficient to assure lawful entry into the country to which the alien is departing." 8 C.F.R. § 1240.26(c)(2). The petitioner has not carried her burden of showing that the Philippines would accept her expired passport.

■ The petitioner suffered no procedural due process violation because she received a full and fair hearing and a reasonable opportunity to present evidence on her behalf. *See Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). The petitioner suffered no substantive due process violation because voluntary departure is discretionary with the Attorney General. *See* 8 U.S.C. § 1229c(b)(1); *Munoz v. Ash-*

---

\*\*\* The Honorable S. Jay Plager, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*croft,* 339 F.3d 950, 954 (9th Cir.2003) ("Since discretionary relief is a privilege created by Congress, denial of such relief cannot violate a substantive interest protected by the Due Process clause.").

 The petitioner's writ of mandamus must be denied because the immigration judge committed no legal error interpreting the voluntary departure statute. *See Johnson v. Reilly,* 349 F.3d 1149, 1154 (9th Cir.2003) (stating that mandamus is appropriate only if the plaintiff's claim is certain and the defendant's ministerial duty is free from doubt).

PETITIONS DENIED.