Judith ARELLANO; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70383.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2006.

Decided May 19, 2006.

Peter R. Afrasiabi, Esq., Turner Green Afrasiabi & Arledge, LLP, Costa Mesa, CA, Judith Arellano Apt., Nayely Arellano Apt., Enrique Arellano Duran Apt., Bell Gardens, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, GRABER, and PAEZ, Circuit Judges.

## MEMORANDUM *

Judith Arellano, her husband Enrique Arellano Duran, and their minor daughter

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This disposition is not appropriate for publica-

Nayely Arellano (together, "petitioners"), petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of their applications for cancellation of removal under 8 U.S.C. § 1229b(b).

Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination for purposes of this petition for review. *See* 8 C.F.R. § 1003.1(e)(4) (2003); *Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1009 (9th Cir.2005). The IJ denied relief solely on the basis that petitioners failed to establish "exceptional and extremely unusual hardship" as required by 8 U.S.C. § 1229b(b)(1)(D).

Before this court, petitioners raise two constitutional challenges to the IJ's application of the hardship standard. First, petitioners claim that the removal order would violate the adult petitioners' fundamental right to direct the care, custody, and control of their three United States citizen children, and to enjoy their companionship and society. We have jurisdiction over this substantive due process claim. *See Fernandez–Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir.2005). We are not persuaded, however, by petitioners' argument. Because the removal order does not prohibit petitioners from taking their children with them to Mexico, the removal order does not implicate the fundamental parental rights that petitioners assert. Moreover, petitioners' argument regarding the fundamental rights of their United States citizen children is foreclosed by *Urbano De Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir.1978).

Next, petitioners raise a due process claim that the § 1229b(b)(1)(D) hardship standard is unconstitutionally vague on its face and as applied to them. The

challenge, however, is merely an abuse of discretion claim recast as an alleged constitutional violation. Because we lack jurisdiction to review the discretionary determination that an alien failed to meet the § 1229b(b)(1)(D) hardship standard, we cannot consider this claim. "[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction." *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

**DISMISSED in part and DENIED in part.**