Mario Alfredo **AVENDANO–GARCIA, Petitioner,**

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 04–74958.

United States Court of Appeals, Ninth Circuit.

Argued Dec. 7, 2005.

Submitted May 17, 2006.

Decided June 29, 2006.

---

Erik Andersen, Esq., Payne & Fears, LLP, Irvine, CA, for Petitioner.

Mario Alfredo Avendano–Garcia, Guatemala, C.A., pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Cindy S. Ferrier, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, NOONAN, and THOMAS, Circuit Judges.

## MEMORANDUM *

Petitioner Mario Avendano–Garcia (Avendano), a permanent resident since 1990, appeals the BIA's order finding him removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony. Avendano argues (1) that he is a naturalized citizen or a national of the United States, and thus not an alien subject to removal proceedings; (2) that he was not convicted of an "aggravated felony" within the meaning of 8 U.S.C. § 1227(a)(2)(A)(iii); and (3) that retroactive application of the amended definition of aggravated felony in Section 321(a)(3) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 8 U.S.C. § 1101(a)(43)(F), violates the Due Process Clause of the Fifth Amendment. Pursuant to 8 U.S.C. § 1252(a)(2)(D), we have jurisdiction to review legal and constitutional claims raised in a petition for review of an order of removal. *See Fernandez–Ruiz v. Gonzales,* 410 F.3d 585, 587 (9th Cir.2005).[1]

### 1. *Citizenship and Nationality Claims*

■ Avendano submitted an application for naturalization with the INS in April 1996. At a July 1996 naturalization interview with an immigration officer, Avendano signed an "Oath of Allegiance" which appeared at the bottom of the immigration officer's "Processing Sheet." On September 28, 1996, the INS denied Avendano's application due to his failure to comply with a request for additional information. Two months later, in November 1996, Avendano entered a *nolo contendre* plea to a charge of inflicting corporal injury on his spouse in violation of California Penal Code § 273.5(a) and received a three-year suspended sentence and five years of probation. After Avendano was remanded to custody for violating the terms of his probation, the INS initiated removal proceedings. The IJ and the BIA held that the 1996 conviction rendered Avendano removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony and rejected Avendano's claim that he was a citizen or a national of the United States.

Section 1101(a)(3) defines an alien as "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(22), in turn, defines a "national of the United States" as "(A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States." Avendano argues that he is a naturalized citizen "or at the very least a national" because he owes permanent allegiance to the United States.

Avendano does not qualify as a naturalized citizen of the United States. After a

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Finding that there are no genuine issues of material fact, we review *de novo* the issues of law arising from Avendano's claims of nationality and citizenship, *see* 8 U.S.C. § 1252(b)(5)(A), and issues involving whether a particular conviction qualifies as a conviction of an aggravated felony. *See Reyes–Alcaraz v. Ashcroft,* 363 F.3d 937, 939 (9th Cir. 2004).

naturalization application is filed and the INS investigates and examines the applicant, *see* 8 U.S.C. §§ 1427(d)-(e), 1446(b), a designated immigration officer must determine whether the application for naturalization should be granted. *See* 8 U.S.C. § 1446(d). Except in certain narrowly prescribed circumstances not relevant here, an alien whose application was granted must take an oath of allegiance in a public ceremony distinct from the preliminary investigation and examination process. *See* 8 U.S.C. § 1448 ("A person who has applied for naturalization shall, in order to be and before being admitted to citizenship, take [an oath] in a public ceremony."). Because there is no evidence that the INS ever granted Avendano's application as required by 8 U.S.C. § 1446(d) or that Avendano took an oath of allegiance in a public ceremony as required by 8 U.S.C. § 1448, he does not qualify as a naturalized citizen.

Avendano's claim that he is a naturalized citizen because he subscribed to the oath of allegiance at the preliminary examination before an immigration officer is unpersuasive. Section 1421(d) mandates strict compliance with the statutory provisions regarding naturalization and provides that a "person may only be naturalized as a citizen of the United States in the manner and under the conditions prescribed in [the statute] and not otherwise."

■ Avendano also does not qualify as a national of the United States. Congress has defined a "national of the United States" to mean either a citizen of the United States or "a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22). Avendano argues that "his ties to the United States, his initiation of the naturalization process, his registration for the Selective Service, his passage of the English and government tests, and the INS's decision to give him the oath of citizenship prematurely" show that he owes "permanent allegiance to the United States," and thus qualifies as a national within the meaning of 8 U.S.C. § 1101(a)(22). Although Avendano's actions demonstrate allegiance, his nationality argument is unpersuasive in light of this Court's precedent. *See Perdomo–Padilla v. Ashcroft*, 333 F.3d 964, 969 (9th Cir.2003) (holding that "one may become a 'national of the United States' only through birth or by completing the process of becoming a naturalized citizen"); *see also Reyes–Alcaraz v. Ashcroft*, 363 F.3d 937, 940 (9th Cir.2004) (holding that *Perdomo–Padilla* precluded the argument "that signing the military oath and serving in the Army—or any other demonstration of 'permanent allegiance' short of full naturalization—are sufficient" to establish nationality).

■ Avendano's argument that he is a naturalized citizen or a national because "any responsibility for 'improper' naturalization falls on the Attorney General" is similarly unpersuasive. Even assuming that we could confer citizenship or nationality status through estoppel, Avendano has failed to meet the threshold requirement of estoppel by showing that the government has engaged in "affirmative misconduct going beyond mere negligence." *See Mukherjee v. I.N.S.*, 793 F.2d 1006, 1008 (9th Cir.1986); *see generally I.N.S. v. Pangilinan*, 486 U.S. 875, 885, 108 S.Ct. 2210, 100 L.Ed.2d 882 (1988) ("Neither by application of the doctrine of estoppel, nor by invocation of equitable powers, nor by any other means does a court have the power to confer citizenship in violation of [Congressional] limitations.").

*2. Aggravated Felony Conviction*

■ Under 8 U.S.C. § 1227(a)(2)(A)(iii), "any alien who is convicted of an aggravated felony at any time after admission is

deportable." An aggravated felony is defined in 8 U.S.C. § 1101(a)(43)(F) as "a crime of violence ... for which the term of imprisonment [is] at least one year." Section 1101(a)(48)(A) defines the term "conviction" to include *nolo contendre* pleas followed by "some form of punishment, penalty, or restraint on the alien's liberty." Section § 1101(a)(48)(B), in turn, provides that "[a]ny reference to a term of imprisonment or a sentence ... is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." It is clear from the record that Avendano entered a plea of *nolo contendre* and received a three-year suspended sentence and five years of probation. This squarely qualifies as a conviction of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).

*3. Due Process Claims*

 The President signed the IIRIRA into law more than a month before Avendano entered a plea of *nolo contendre.* Section 321(a)(3) of the IIRIRA reduced the sentencing requirement for an "aggravated felony" from "at least 5 years" to "at least one year." Section 321(b) of the same statute then applied the amended definition of aggravated felony to all "actions taken" by the Attorney General on or after September 30, 1996, regardless of whether the conviction was entered before, on, or after "[September 30, 1996]." Avendano's contention that IIRIRA § 321(a)(3) retroactively reclassified him without notice from a permanent resident to a removable aggravated felon in violation of due process is unpersuasive in light of this Court's precedent. *See Aragon–Ayon v. I.N.S.,* 206 F.3d 847, 853 (9th Cir.2000) (upholding the retroactive application of § 321(a)(3) of the IIRIRA); *Cordes v. Gonzales,* 421 F.3d 889, 895–96 (9th Cir. 2005) (holding that the retroactive application of the expanded aggravated felony definition in § 321(a)(3) of the IIRIRA does not violate due process).

For these reasons, the BIA's decision is AFFIRMED.