**Mohiuddin Akm AHMED, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74603.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2007 *.

Filed Feb. 23, 2007.

Before: T.G. NELSON, SILER,** and HAWKINS, Circuit Judges.

MEMORANDUM ***

Mohiuddin A.K.M. Ahmed petitions for review of a Board of Immigration Appeals' (BIA) order dismissing his appeal from an immigration judge's (IJ) order denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252 and we deny the petition.[1]

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. *See also Fernandez–Ruiz v. Gonzales,* 410 F.3d 585, 587 (9th Cir.2005), *as adopted by Fernandez–Ruiz v. Gonzales,* 466 F.3d 1121, 1124 (9th Cir.2006) (en banc) ("[The REAL

■ Ahmed is ineligible for asylum and withholding of removal for two reasons: (1) because he engaged in terrorist activity,[2] and (2) because he assisted or otherwise participated in the persecution of others on account of their political opinion.[3] Even his own account of his actions established that he assisted or otherwise participated in the persecution of persons on account of their political opinion.[4]

■ Ahmed failed to prove by a preponderance of the evidence that his in absentia murder trial and conviction in Bangladesh was fundamentally unfair and thus deprived him of due process of law.[5] Therefore, the IJ properly relied on the conviction.

Substantial evidence supported the IJ's and BIA's denial of protection under the CAT.[6] Ahmed did not present evidence so compelling that no reasonable factfinder could find that he would not be tortured if returned to Bangladesh.[7]

**PETITION DENIED.**

---

ID Act of 2005] restored judicial review of constitutional claims and questions of law presented in petitions for review of final removal orders.").

2. *See* 8 U.S.C. § 1158(b)(2)(A)(v). A terrorist activity "means any activity which is unlawful under the laws of the place where it is committed ... and which involves ... (IV) An assassination .... [or] (VI) A threat, attempt, or conspiracy to [assassinate]." 8 U.S.C. § 1182(a)(3)(B)(iii). The term "engage in terrorist activity":

means, in an individual capacity or as a member of an organization ... (II) to prepare or plan a terrorist activity; (III) to gather information on potential targets for terrorist activity; ... (VI) to commit an act that the actor knows, or reasonably should know, affords material support ... to any individual who the actor knows, or reasonably should know, has committed or plans to commit a terrorist activity....

8 U.S.C. § 1182(a)(3)(B)(iv).

3. *See* 8 U.S.C. § 1158(b)(2)(A)(i); 8 U.S.C. § 1231(b)(3)(B)(i).

4. *See In re Rodriguez–Majano*, 19 I & N Dec. 811, 814 (BIA 1988) ("The participation or

assistance of an alien in persecution need not be of his own volition to bar him from relief."); *see also Fedorenko v. United States*, 449 U.S. 490, 512, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981) (noting that under principles of statutory construction, omission of the word "voluntary" from statute compels the conclusion that statute made all who assisted in persecution ineligible for asylum).

5. *See* 8 C.F.R. § 208.13(c)(2)(ii) (asylum); 8 C.F.R. § 208.16(d)(2) (withholding of removal) (noting burden shift to applicant to prove by a preponderance of the evidence that a mandatory bar to asylum or withholding of removal does not apply once the "evidence indicates" that it does).

6. *See Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998) (noting the standard of review).

7. *See INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *see also* 8 U.S.C. § 1252(b)(4)(B).

