**Jesus ARRIAGA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

**No. 06–75176.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 15, 2009.

Martin Avila Robles, Immigration Practice Group, A Professional Corporation, San Francisco, CA, for Petitioner.

District Director, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**618**

Lindsay Elizabeth Williams, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BRIGHT **, REINHARDT and TASHIMA, Circuit Judges.

## MEMORANDUM ***

Petitioner Jesus Arriaga ("Arriaga") is a native and citizen of Mexico who adjusted to lawful permanent resident status in 1989. In 1998, he was convicted of one count of sexual battery under Cal.Penal Code § 243.4(a). The Information charged that the victim of the crime was a 13–year–old female.

Arriaga was subsequently charged with removability pursuant to 8 U.S.C. § 1227(a)(2)(E)(i), INA § 237(a)(2)(E)(i), for having been convicted of "a crime of child abuse," and pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined at 8 U.S.C. § 1101(a)(43)(A) ("sexual abuse of a minor"). Arriaga moved to terminate proceedings and applied for cancellation of removal. The Immigration Judge ("IJ") denied him relief, and Arriaga was ordered removed to Mexico. The Board of Immigration Appeals affirmed without opinion, and Arriaga timely petitioned for review in this court.[1]

■ To determine whether Arriaga's conviction for "sexual battery" constitutes a conviction for "sexual abuse of a minor," we apply the well-established categorical approach, first set forth in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Without any difficulty, we conclude, as did the IJ, that "sexual battery" as defined under California law[2] is categorically broader than "sexual abuse of a minor,"[3] because "the 'full range of conduct' covered by that statute" does not "fall[ ] within the meaning of [the generic] term." *United States v. Lopez–Solis,* 447 F.3d 1201, 1206 (9th Cir.2006) (quoting *United States v. Baron–Medina,* 187 F.3d 1144, 1146 (9th Cir.1999).)

Where the statute of conviction is broader than the definition of the generic offense, we may proceed to a second step and look "beyond the mere fact of convic-

---

** The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Although we do not have "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [an enumerated] criminal offense," 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction over any "constitutional claims or questions of law raised upon a petition for review." *Id.;* 8 U.S.C. § 1252(a)(2)(D). Additionally, "[w]e have always retained jurisdiction to determine our jurisdiction, and so have always been free to evaluate whether [the petitioner's] convictions were qualifying offenses for the purpose of these jurisdictional

bars." *Fernandez–Ruiz v. Gonzales,* 410 F.3d 585, 586–587 (9th Cir.2005).

2. "Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery." Cal.Penal Code § 243.4(a).

3. The generic offense of "sexual abuse of a minor" requires four elements: "(1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor." *Estrada–Espinoza v. Mukasey,* 546 F.3d 1147, 1152 (9th Cir.2008) (en banc).

tion in a narrow range of cases where a jury was actually required to find all the elements of [the generic offense]." *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143. However,

> The modified categorical approach ... only applies when the particular elements in the crime of conviction are broader than the generic crime. *When the crime of conviction is missing an element of the generic crime altogether,* we can never find that "a jury was actually required to find all the elements of" the generic crime.

*Navarro–Lopez v. Gonzales,* 503 F.3d 1063, 1073 (9th Cir.2007) (en banc) (emphasis supplied); *see also Estrada–Espinoza,* 546 F.3d at 1159 (holding modified categorical approach unavailable where the statutes of conviction were missing an element of the generic definition of "sexual abuse of a minor").

*Navarro–Lopez* squarely controls our analysis here. California's sexual battery statute is not merely broader than the generic offense; the statute of conviction is *missing altogether* two necessary elements of "sexual abuse of a minor": it contains no requirement that the victim be a minor, nor that there be any age difference between victim and perpetrator. *See Estrada–Espinoza,* 546 F.3d at 1152 (9th Cir. 2008). Therefore, the modified categorical approach is unavailable.

■ Applying the same analysis, we further conclude that Arriaga has not been convicted of "a crime of child abuse." 8 U.S.C. § 1227(a)(2)(E)(i). First, looking only to the statutory definitions, "sexual battery" is categorically broader than "a crime of child abuse." Second, because "sexual battery" lacks any element of ap-

plicability to a minor, the modified categorical approach is unavailable.

For the foregoing reasons, Arriaga has not been convicted of "sexual abuse of a minor" or "a crime of child abuse," such that he would be removable from the United States or statutorily ineligible for cancellation of removal.

The petition for review is GRANTED.