MEMORANDUM ***
Dhruba Pradhan, a native and citizen of Nepal, petitions for review of the Board of Immigration Appeals’ (“BIA”) affirmance of the immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We hold that the BIA’s decision is supported by substantial evidence and deny the petition for review.
We review for substantial evidence the decision determining whether an alien has established eligibility for asylum or withholding of removal. Malkandi v. Holder, 576 F.3d 906, 912 (9th Cir.2009). We have jurisdiction to review the BIA’s denial of withholding of removal under 8 U.S.C. § 1252(a)(1).
We reject the government’s contention that we lack jurisdiction to review the BIA’s denial of Pradhan’s asylum request under 8 U.S.C. § 1158(a)(3). Under 8 U.S.C. § 1158(a)(2)(B), an alien seeking asylum must file an application within one year of arrival in the United States, unless one of two statutory exceptions applies. See 8 U.S.C. § 1158(a)(2)(D) (late applications may be considered “if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant’s eligibility for asylum or extraordinary circumstances relating to the delay in filing an application”). The alien must also demonstrate that the application for asylum was filed within a reasonable amount of time after the changed or extraordinary circumstances. See 8 C.F.R. §§ 208.4(a)(4)(h), 208.4(a)(5)(iv). Although 8 U.S.C. § 1158(a)(3) bars review of determinations related to the one-year time bar for filing an asylum claim and its exceptions, the REAL ID Act of 2005 “restores our jurisdiction over ‘constitutional claims or questions of law.’ ” Ramadan v. Gonzales, 479 F.3d 646, 650 (9th Cir.2007) (quoting Fernandez-Ruiz v. Gonzales, 410 F.3d 585, 587 (9th Cir.2005)). We held in Ramadan that this jurisdiction extends to mixed questions of law and fact, including the “changed circumstances” question under § 1158(a)(2)(D).
Pradhan entered the United States on a B1 visa in 1999. He changed his status to an FI student visa, but then ceased his studies in December 2001. He was therefore out of status as of the end of December 2001. His asylum application was not filed until December 23, 2002. Pradhan does not dispute that he did not file for asylum within one year of entry, but contends that his untimely asylum application should be excused because of “changed country conditions.” See 8 C.F.R. § 208.4(a)(4).
The IJ denied Pradhan’s asylum application on the ground that Pradhan failed to establish exceptional circumstances for filing his application after one year of entry into the United States. The IJ also found that even if Pradhan had demonstrated changed country conditions, he had not demonstrated that he had applied for asylum within a reasonable period of time after he fell out of status and the changed country conditions were known to him. The BIA adopted and affirmed the IJ’s *207 decision. These findings are supported by substantial evidence.
Pradhan claims that it was not until November 2002 that he learned of changed country conditions. The record does not support this contention. Pradhan fell out of status in December 2001. Throughout the following year Pradhan’s family kept him informed about the political climate in Nepal. Yet it was not until November 2002, almost a year later, that he consulted an attorney to pursue his asylum claim. Pradhan testified that his reasons for waiting were that he was “waiting for money to come” and “also thought maybe things will change.” Under these circumstances, the IJ properly concluded that Pradhan had not shown changed or extraordinary circumstances justifying his late application, and that one year between falling out of status and filing his asylum application was not a reasonable period.
To demonstrate eligibility for withholding of removal, Pradhan had to prove it is “more likely than not” that his life or freedom would be threatened in Nepal because of his “race, religion, nationality, membership in a particular social group, or political opinion.” See Al-Harbi v. I.N.S., 242 F.3d 882, 888 (9th Cir.2001); 8 U.S.C. § 1231(b)(3). To receive protection under CAT, Pradhan had to demonstrate that “it is more likely than not that he ... would be tortured if removed to the proposed country of removal.” Ochoa v. Gonzales, 406 F.3d 1166, 1172 (9th Cir.2005); 8 C.F.R. § 208.16(c)(2).
The IJ found that Pradhan had been persecuted by Nepalese police and Maoist terrorists in Nepal in the past. However, the IJ determined (1) that changes in his family’s situation in Nepal demonstrated that Pradhan’s life or freedom would no longer be threatened, and (2) that Pradhan could avoid a future threat to his life or freedom by relocating to Kathmandu with the rest of his family. The BIA agreed. Both of these findings are supported by substantial evidence.
First, Pradhan was unable to produce evidence to corroborate his testimony that the Nepalese police have an ongoing interest in him. No member of his family had been arrested or harmed since Pradhan left Nepal. Further, the same government officials that had persecuted Pradhan in the past wrote a letter stating the government was concerned for the safety of Pradhan and his family, and Pradhan obtained a replacement Nepalese passport in 2002 without incident.
Second, the BIA and IJ noted that Pradhan’s family has relocated to Kathmandu and has not had any problems with the Maoists since Pradhan left in 1999. The IJ determined that there was not a “real likelihood or clear probability that the Maoists are interested in the respondent” because they have not had any contact with Pradhan or his family “for a number of years.” Thus, Pradhan could avoid future persecution by joining his family in Kathmandu, where his family is currently living without incident. Under these circumstances, Pradhan did not show that he was likely to face a threat to his life or freedom or would be tortured if removed.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.