FILED

**NOT FOR PUBLICATION**

MAR 17 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEHAR ZYMBERI, AKA Muharrem Hyseni, | No. 13-72145 |
| Petitioner, | Agency No. A094-502-752 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 14, 2016
San Francisco, California

Before: FERNANDEZ, GOULD, and FRIEDLAND, Circuit Judges.

Behar Zymberi petitions for review of the Board of Immigration Appeals'

(BIA) denial of his applications for asylum and withholding of removal. We

dismiss the petition in part and deny the petition in part.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

An asylum application must generally be filed within one year of the applicant's arrival in the United States, but a late application may be considered if the applicant shows that extraordinary circumstances prevented the applicant from filing the application within the one-year time limit. 8 U.S.C. § 1158(a)(2)(B), (D). We only have jurisdiction to review a BIA decision denying an application as untimely when our review is based on a constitutional question or a question of law. *Ramadan v. Gonzalez*, 479 F.3d 646, 650 (9th Cir. 2007) (citing *Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir.), *vacated,* 431 F.3d 1212 (9th Cir. 2005) (Mem)). Questions of law include the application of undisputed facts to statutes or regulations. *Id.*

Zymberi contends that the BIA erred in rejecting his asylum application as time-barred because his emotional disability prevented a timely filing. *See* 8 C.F.R. § 1208.4(a)(5)(i). We lack jurisdiction to consider this argument because it depends on disputed facts. Whether Zymberi's had mental and emotional disabilities during his first year in the United States was disputed. *See Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013). We therefore dismiss the challenge to the BIA's rejection of the asylum petition.

Zymberi also contends that the BIA erroneously dismissed his withholding of removal application because he suffered past persecution as an ethnic Albanian

and Muslim during the Kosovo War. We have jurisdiction to assess this argument because a withholding of removal claim is not subject to the one-year limitations period that applies to asylum. But substantial evidence supports the BIA's conclusion that conditions in Kosovo have changed significantly since Zymberi left, rebutting the presumption of well-founded fear of future persecution. *See Mutuku v. Holder*, 600 F.3d 1210, 1213 (9th Cir. 2010) (citing 8 C.F.R. § 1208.16(b)(1)(i)(A)). And even assuming that the argument is not waived, Zymberi is unable to establish eligibility for withholding of removal "through an independent showing of clear probability of future persecution." *See Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (citing 8 C.F.R. § 1208.16(b)(1), (2)). Although Zymberi asserts that he fears further racial and religious persecution by Serbians, the record demonstrates that Kosovo has gained independence from Serbia, and tensions between the two countries are fading. Kosovo is now headed by a Muslim majority government, not by Serbians. Substantial evidence thus supports the BIA's conclusion that Zymberi did not prove that he would "more likely than not" suffer persecution upon returning to Kosovo. *See Ghaly v. I.N.S.*, 58 F.3d 1425, 1428–29 (9th Cir. 1995).

This case arises in the aftermath of the horrible strife, genocide and ethnic cleansing that characterized Kosovo more than ten years ago in the 1990s. But

given the current government regime in Kosovo, substantial evidence supports the BIA's decision that he can be safely removed there.

**DISMISSED IN PART AND DENIED IN PART.**