Fernando GUZMAN, Petitioner,

v.

IMMIGRATION and
NATURALIZATION SERVICE,
Respondent.

No. 01–71717.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Filed Jan. 29, 2003.

**912**

John R. Alcorn, Irvine, CA, for the petitioner.

Cindy S. Ferrier, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for the respondent.

Before: CANBY, GOULD, and BERZON, Circuit Judges.

PER CURIAM:

Fernando Guzman, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying relief in two rulings. The first ruling affirmed the Immigration Judge's denial of Guzman's motion to reopen his deportation proceedings. The second ruling denied Guzman's motion to remand to the Immigration Court so that he could apply for an adjustment of status. We deny Guzman's petition with regard to the BIA's first ruling, but grant the petition and remand with regard to the second ruling.[1]

Guzman entered this country without inspection in 1990. He was placed in immigration proceedings in 1997. He applied for suspension of deportation pursuant to former § 244(a) of the Immigration and Naturalization Act, 8 U.S.C. § 1254(a) (1994). The Immigration Judge held that his application was "pretermitted," presumably because Guzman failed by a few weeks to meet the requirement of seven years continuous presence in the United States. *See id.* Guzman was granted voluntary departure, with an alternative of deportation to Mexico if he failed to depart voluntarily.

Guzman sought reopening in the Immigration Court in order to re-apply for

---

1. We review for abuse of discretion the BIA's denial of motions to reopen or to remand. *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Castillo–Perez v. INS,* 212 F.3d 518, 523 (9th Cir.2000).

suspension of deportation pursuant to former INA § 244(a), 8 U.S.C. § 1254(a) (1994). Guzman claimed that he mistakenly reported the wrong date of entry during his deportation hearing, and that new information (arising from his conversation with his sister) regarding his date of entry qualified him for relief under § 244(a). The Immigration Judge denied reopening, and the BIA affirmed on the ground that Guzman's new information regarding his entry date was available and capable of discovery prior to his deportation hearing. 8 C.F.R. §§ 3.2(c)(1) & 3.23(b)(3). We conclude that the BIA's ruling was correct, and its denial of the motion to reopen for suspension of deportation was therefore not an abuse of discretion. We deny the petition for review in that regard.

While the appeal of the denial of his motion to reopen was pending before the BIA, Guzman moved for a remand to the immigration court in order to apply for adjustment of status pursuant to INA § 245(i), 8 U.S.C. § 1255(i). The BIA denied Guzman's motion to remand on the ground that it was in the nature of a motion to reopen, and therefore numerically barred by 8 C.F.R. § 3.2(c)(2).[2]

 The BIA did not abuse its discretion when it determined that Guzman's motion to remand was in the nature of a motion to reopen. Motions to remand are appropriately filed before the BIA while the Immigration Judge's deportation decision is before the BIA on direct appeal, whereas a motion filed after a final order has been issued is a motion to reopen. *See Krougliak v. INS*, 289 F.3d 457, 461 (7th Cir.2002) ("it would be impossible to remand a case that had been closed"); *Wang v. Ashcroft*, 260 F.3d 448, 451–52 (5th Cir.

2001). The BIA thus properly c␣ Guzman's motion, which was filed a␣ deportation order had become final, ␣ motion to reopen.

It is arguable whether Guzman's motion to remand was a *second* motion to reopen, and thus barred by § 3.2(c)(2). There was already pending before the BIA the appeal of the Immigration Judge's denial of Guzman's first motion. It would be plausible to consider the motion to remand as a supplement to, or an amendment of, the first motion. *See Wang*, 260 F.3d at 452. The BIA, however, has taken the position in the past that a motion that seeks to introduce new evidence to support a new ground for relief is an independent motion to reopen even if otherwise titled, and we approved that position in dictum in *Varela v. INS*, 204 F.3d 1237, 1239 n. 4 (9th Cir.2000). We therefore cannot reasonably hold it to be an abuse of discretion for the BIA to consider Guzman's motion to remand a second motion to reopen. *See Wang*, 260 F.3d at 452.

While the BIA's ruling was permissible, we do not believe it was compelled. On one occasion when the BIA addressed (but denied) a motion to remand that was filed during the appeal of a denial of a motion to reopen, we reversed the decision and directed a remand to the immigration court to permit an adjustment of status. *Konstantinova v. INS*, 195 F.3d 528, 530–31 (9th Cir.1999). Although neither the BIA nor we discussed the numerosity rule in *Konstantinova*, that decision suggests that it is within the discretion of the BIA to treat a motion to remand as something other than a barred second motion to reopen in circumstances similar to Guzman's.

---

2. 8 C.F.R. § 3.2(c)(2) states that "[e]xcept as provided in paragraph (c)(3) of this section, a party may file only one motion to reopen deportation or exclusion proceedings (wheth-
er before the Board or the Immigration Judge) ...." Guzman filed his motion to reopen prior to filing his motion to remand.

The relevance of this point is that, in exercising its discretion to treat Guzman's motion to remand as a second motion to reopen, the BIA labored under a misapprehension of fact. It noted that, were it to address the motion to remand, it would deny it because Guzman had not shown that a visa was available to him as a third preference skilled worker. As the INS concedes on this appeal, that statement was in error; a visa was available to Guzman.

We are uncertain whether the BIA would have exercised its discretion as it did if it had not misapprehended the availability of a visa for Guzman.[3] We accordingly grant the petition for review, vacate the BIA's decision denying Guzman's motion to remand, and remand to the BIA for a new exercise of discretion concerning Guzman's motion to remand.[4]

**PETITION FOR REVIEW DENIED IN PART and GRANTED in part; VACATED in part and REMANDED.**

---

3. The BIA also stated that Guzman's motion to remand was defective because Guzman had not submitted an application for adjustment of status with his motion, as required by 8 C.F.R. § 3.2(c)(1). It would be an abuse of discretion, however, for the BIA to deny the motion solely for that reason when the motion was not opposed by the INS. *See Konstantinova,* 195 F.3d at 530–31.

4. The BIA also retains the discretionary power to reopen any case on its own motion at any time. *See* 8 C.F.R. § 3.2(a). We have no jurisdiction, however, to review its failure to exercise that power. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).