Jaswinder Singh RAI, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

Jaswinder Singh RAI, Petitioner,

v.

John ASHCROFT, Attorney General of
the United States of America,
Respondent.

Nos. 01–71786, 02–73396.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 16, 2003.

Decided Aug. 1, 2003.

Before: REINHARDT, SILER,* and HAWKINS, Circuit Judges.

* Honorable Eugene E. Siler, Jr., Senior Judge    for the United States Circuit Court of Appeals

## MEMORANDUM **

We grant Jaswander Rai's petition for review of the BIA's denial of his asylum application because substantial evidence does not support the BIA's adverse credibility determination. In this case, Rai made essentially two misrepresentations, neither of which has any bearing on his claim for asylum. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (inconsistencies must go to the "heart" of asylum claim).

Rai's use of an alias at the time of his initial entry is consistent with the actions of many aliens who flee persecution through the use of fraudulent documents, and does not detract from his credibility. *See Akinmade v. INS,* 196 F.3d 951, 955–56 (9th Cir.1999). Rather than diminishing his credibility, Rai's use of a false name to secure entry can actually evidence a subjective fear of returning to his own country. *See Turcios v. INS,* 821 F.2d 1396, 1400 (9th Cir.1987).

Similarly, Rai's misrepresentation about the date of his entry into the United States has little bearing on the heart of his asylum claim. *See Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988) ("Minor inconsistencies in the record such as discrepancies in dates which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding."). The date of Rai's entry into the United States is of no moment; it is not an attempt to enhance his claim of persecution and thus has no bearing on credibility. *See Chen v. INS,* 266 F.3d 1094, 1099 (9th Cir.2001), *rev'd on other grounds by INS v. Chen,* 537 U.S. 1016, 123 S.Ct. 549, 154 L.Ed.2d 423

(2002), (quoting *Damaize–Job v. INS,* 787 F.2d 1332, 1337 (9th Cir.1986)).

■ Rai's admitted and explained misrepresentations were minor and tangential and did not enhance or detract from the credibility of his safety fears if he were to be returned to India. As such, substantial evidence does not support the adverse credibility finding, and we must remand to the BIA for further proceedings. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

■ For related reasons, we also hold that the BIA abused its discretion by denying Rai's motion to reopen to apply for adjustment of status. The BIA failed to offer a sufficiently detailed and reasoned explanation of how it weighed the relevant factors in deciding to deny relief. *See Arrozal v. INS,* 159 F.3d 429, 433 (9th Cir.1998); *Yepes–Prado v. INS,* 10 F.3d 1363, 1370 (9th Cir.1993) (finding BIA failed to offer *"reasoned* explanation" why the only adverse factor outweighed all positive equities) (emphasis in original). It also appears to have given inordinate weight to what were, as discussed above, relatively minor transgressions by Rai that were not material or central to his asylum claim. *See Watkins v. INS,* 63 F.3d 844, 851 (9th Cir.1995) (noting that it would "test the limits of rationality" to hold that alien's sham marriage 12 years ago would outweigh the equities of long-term marriage and two U.S. citizen children, one with special needs). Accordingly, the BIA's error with respect to the adverse credibility determination necessarily affected its adjudication of the motion to reopen as well, and thus remand is warranted. *See Guzman v. INS,* 318 F.3d 911, 914 (9th Cir.2003).

We therefore GRANT Rai's petition for review and REMAND to the BIA for further proceedings consistent with this disposition.

---

\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.