**Gurcharanjit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73362.

Agency No. A79–606–420.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Gurcharanjit Singh, Fremont, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Terri J. Scadron, Esq., Robbin K. Blaya, Esq., Robbin K. Blaya, Esq., DOJ—U.S. Department of Justice,

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Gurcharanjit Singh, a native and citizen of India, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of an immigration judge ("IJ") denying his motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We deny the petition for review.

The BIA properly dismissed Singh's appeal of the IJ's denial of his motion to reopen because Singh did not provide previously unavailable material evidence, *see Guzman v. INS*, 318 F.3d 911, 913 (9th Cir.2003), nor did he establish that conditions had changed in India during the two-month period between the IJ's original decision and Singh's motion to reopen, *see Bolshakov v. INS*, 133 F.3d 1279, 1281 (9th Cir.1998).

We do not consider the merits of Singh's claim for asylum or other relief because he did not timely appeal the IJ's original decision on these matters to the BIA. *See* 8 C.F.R. § 3.38 (2002) (requiring notice of appeal to be filed within 30 days); *Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir.1987) ("Failure to raise an issue in an appeal to the BIA constitutes failure to exhaust remedies with respect to that question and

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

deprives this court of jurisdiction to hear the matter.").

PETITION FOR REVIEW DENIED.