Abel Gonzalez PALACIOS; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

Abel Gonzalez; et al., Petitioners,

v.

John Ashcroft, Attorney General, Respondent.

Nos. 02–73126, 03–72906.
Agency Nos. A70–781–394, A70–781–395, A70–781–396, A70–781–397.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

Victor D. Nieblas Pradis, City of Industry, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Shelley R. Goad, Esq., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Abel Gonzalez Palacios and his family, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an immigration judge's decision granting them voluntary departure and for review of the BIA's denial of their motion to reopen alleging ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1105a. *See Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir.1997). We review constitutional claims de novo, *Cano–Merida v. Ashcroft*, 311 F.3d 960, 964 (9th Cir.2002), and the denial of a motion to reopen for abuse of discretion, *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). We deny the petition for review.

Contrary to the Petitioners' contention, the IJ's failure to ask the Petitioners whether they wanted to withdraw their asylum applications did not violate their due process rights because their attorney had the authority to make decisions on their behalf, and their attorney decided to withdraw the applications. *See Magallanes–Damian v. INS*, 783 F.2d, 931, 934 (9th Cir.1986). Consequently, we deny the petition for review in No. 02–73126.

The BIA did not abuse its discretion by denying the Petitioners' motion to reopen alleging ineffective assistance of counsel because it was not based on new, material evidence which was unavailable or could not have been previously presented or dis-

covered. *See Guzman v. INS*, 318 F.3d 911, 913 (9th Cir.2003) (per curiam) (affirming the denial of a motion to reopen to apply for suspension of deportation because "new" information was available and capable of discovery prior to submission of the motion). Consequently, we deny the petition for review in No. 03–72906.

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004), the Petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

All remaining contentions are unpersuasive.

All pending motions are denied.

PETITION FOR REVIEW DENIED in No. 02–73126.

PETITION FOR REVIEW DENIED in No. 03–72906

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.