Bakary JARJU, Petitioner,

v.

Alberto GONZALES,* Attorney
General, Respondent.

Nos. 03–71769, 04–71283.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2005.**

Decided May 3, 2005.

Cheryl M. Nance, Esq., Bell, Flegenheimer, Leong & Solovy, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Michael P. Lindemann, Esq., Douglas E. Ginsburg, Esq., Song Park, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TALLMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

Bakary Jarju, a native and citizen of Gambia, petitions for review of decisions of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and denying his motion to reopen.

Substantial evidence supports the BIA's finding that Jarju did not demonstrate past persecution or a well-founded fear of persecution on the basis of a protected ground. The record justifies the BIA's conclusion that Jarju's testimony was too vague to support his claim, and that a well-founded fear of persecution was inconsistent with Jarju's apparent ability to live without incident (and with official employment) prior to his departure.

The IJ's momentary confusion of the facts of Jarju's case with that of another applicant did not affect the outcome of the case and fell far short of depriving Jarju of due process. *Cf. Cortez–Acosta v. INS*, 234 F.3d 476, 482 (9th Cir.2000) (granting petition where the court noted possible confusion of cases when the IJ was trying to recollect what happened after the fact).

Because Jarju did not show eligibility for asylum, he necessarily fails to meet the higher burden of demonstrating eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, the BIA did not abuse its discretion in ruling that the new evidence in support of the motion to reopen could have been discovered and presented on direct appeal. *See Guzman v. INS*, 318 F.3d 911, 913 (9th Cir.2003).

PETITIONS FOR REVIEW DENIED.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.