**Fidel MARTINEZ–SALAZAR,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 04–74967.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Jan. 11, 2006.

Howard Johnson, Los Angeles, CA, for Petitioner.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Marion E. Guyton, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Fidel Martinez–Salazar, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen the BIA's previous order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for "special rule" suspension of deportation under the Nicaraguan Adjustment and Central American Relief Act. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion. *Guzman v. INS*, 318 F.3d 911, 913 n. 1 (9th Cir.2003) (per curiam). We deny in part the petition for review, and dismiss in part.

Martinez–Salazar moved to reopen and submitted an affidavit that he was misled by a tax preparer when he claimed fictitious children and relatives in El Salvador as dependents on his tax returns in the United States. As he had previously testified to the same, the BIA did not abuse its discretion when it denied the motion on the grounds that petitioner's affidavit did not constitute new evidence. *See id.* at 913.

Martinez–Salazar also submitted amended tax returns. The BIA concluded that these returns constituted new evidence, but would not alter the outcome of the case. It stated that it would not reopen solely to consider evidence of equities that accrued during the pendency of the appeal unless the evidence would alter the outcome. The BIA did not abuse its discretion when it discounted the belated amended returns. *See Sangabi v. INS*, 763 F.2d 374, 375 (9th Cir.1985) (holding that equities acquired after entry of a deportation order may be accorded less weight).

We do not consider Martinez–Salazar's contentions regarding the BIA's affirmance of the IJ's denial of suspension of deportation because he did not file a petition for review from that decision, *see Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), and because the denial was on discretionary grounds over which we lack jurisdiction, *see Kalaw v. INS*, 133 F.3d 1147, 1152 (9th Cir.1997).

We reject Martinez–Salazar's due process contention because it is not colorable. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.