**Natividad Castillo MIRANDA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Natividad Castillo Miranda, Petitioner,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

**Nos. 04–72567, 04–73599.**

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2006.*

Filed May 10, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

640

Natividad Castillo Miranda, Garden Grove, CA, pro se.

Shay Dvoretzky, Esq., Jones Day, Washington, DC, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., John L. Davis, Carolyn Piccotti, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, GRABER, and PAEZ, Circuit Judges.

### MEMORANDUM **

Natividad Castillo Miranda ("Miranda") petitions for review of (i) a decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of her request for cancellation of removal (No. 04–72567); and (ii) a BIA decision denying her motion for reconsideration (No. 04–73599). We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant Miranda's petition for review and remand for further proceedings in No. 04–72567, and we dismiss as moot her petition in No. 04–73599.

We review *de novo* whether the BIA erred in failing to address separately a petitioner's motion to remand to the IJ to consider new evidence. *Narayan v. Ashcroft*, 384 F.3d 1065, 1068 (9th Cir.2004). We review for abuse of discretion the denial of a motion to remand. *Guzman v.*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

*INS,* 318 F.3d 911, 912 n. 1 (9th Cir.2003) (per curiam).

■ The IJ denied Miranda's application for cancellation of removal because she failed to establish that her removal would cause "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). While her appeal to the BIA was pending, Miranda filed a motion to remand in light of the recent birth of her son, a United States citizen with special needs. Because Miranda's motion to remand was based on evidence unavailable at her initial immigration proceeding, the motion was substantive, and therefore, the BIA should have considered it separately from Miranda's appeal. *See Narayan,* 384 F.3d at 1068. The BIA erred in failing to even address the motion. Moreover, even if the BIA's summary affirmance could be construed as a denial of the motion to remand, the BIA abused its discretion in failing to properly consider key factors before denying Miranda relief. *See Arrozal v. INS,* 159 F.3d 429, 432 (9th Cir.1998) ("The BIA abuses its discretion when it fails to state its reasons and show proper consideration of *all* factors when weighing equities and denying relief." (internal quotation marks omitted)); *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005) (holding that the BIA abused its discretion in denying petitioner's motion to remand without articulating its reasons).

■ The record indicates that the BIA received, but subsequently lost, the motion to remand. Although Miranda submitted a replacement copy one week later than the date set by the BIA, her tardiness is not fatal because the need for the newly imposed deadline was spurred by the BIA's initial error in losing the original motion. Moreover, as the Government notes, the BIA received the copy of the motion to remand eleven days prior to ruling on Miranda's appeal, but still did not rule on the motion separately or, alternatively, "even purport[ ] to engage in any substantive analysis or articulat[e] any reasons for its decision" to deny the motion in its summary affirmance. *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1227 (9th Cir.2002).

■ Accordingly, we remand for the BIA to consider the merits of Miranda's cancellation of removal claim in light of her motion to remand. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). The BIA also denied Miranda's motion to reconsider its decision in light of her motion to remand. Because we remand to the BIA to consider the motion to remand, Miranda's motion to reconsider is moot. Therefore, her petition in No. 04–73599 is dismissed.

**Petition for review in No. 04–72567 GRANTED; REMANDED. Petition for review in No. 04–73599 DISMISSED.**