Jose De Jesus MACIAS; Maria
Salud Huerta, Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

Nos. 04–75990, 05–72550.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed July 28, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jose De Jesus Macias, Bell, CA, pro se.

Maria Salud Huerta, Bell, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Melissa Neiman Kelting, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, John R. Cunningham, Esq., Elizabeth J. Stevens, Esq., for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Jose de Jesus Macias and his wife Maria Salud Huerta, natives and citizens of Mexico, petition pro se for review of the November 1, 2004 Board of Immigration Appeals' ("BIA") order affirming an immigration judge's order denying their application for cancellation of removal and motion to remand (04–75990), and the BIA's subsequent order denying their motion to reopen removal proceedings (05–72550). To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand or to reopen. *See Guzman v. INS*, 318 F.3d 911, 912 n. 1 (9th Cir.2003). We dismiss in part, and deny in part the petition for review in No. 04–75990, and deny the petition for review in No. 05–72550.

We do not consider the petitioners' contentions regarding continuous physical presence, because the agency's unreviewable determination that the petitioners failed to establish the requisite hardship is dispositive. *See* 8 U.S.C. § 1229b(b)(1) (to be eligible for cancellation of removal the applicant must establish continuous physical presence, good moral character and hardship).

The BIA did not abuse its discretion in denying the petitioners' motion to remand to apply for relief under the Convention Against Torture ("CAT") because they failed to show prima facie eligibility for relief. *See* 8 C.F.R. § 208.16(c)(2) (applicant for CAT relief bears burden of establishing "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal").

The BIA did not abuse its discretion in denying the petitioners' motion to reopen as untimely, as it was filed more than 90 days after the BIA's final decision and no exceptions to the time limitation apply. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3); *Khourassany v. INS*, 208 F.3d 1096, 1099 (9th Cir.2000) (explaining that motion to reopen time limit does not apply to CAT applicants ordered removed before March 22, 1999).

**PETITION FOR REVIEW in 04–75990 DISMISSED in part; DENIED in part.**

**PETITION FOR REVIEW in 05–72550 DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.