**Ester RAMIREZ De Ayala, aka Esther Ramirez de Ayala, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73378.

United States Court of Appeals, Ninth Circuit.

Submitted July 27, 2006.*

Filed Aug. 8, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

** The Honorable Gilbert S. Merritt, Senior Judge, United States Court Appeals for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. We review the BIA's determination that Ramirez did not meet the continuous physical

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, Dc, for Respondent.

Before: MERRITT,** KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM ***

Esther Ramirez de Ayala ("Ramirez") petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's ("IJ") denial of her application for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

We have jurisdiction pursuant to 8 U.S.C. § 1252 as amended by the REAL ID Act, which applies retroactively to this case. REAL ID Act of 2005 § 106(a), Pub.L. No. 109–13, Div. B, 119 Stat. 231 (2005); *see Fernandez–Ruiz v. Gonzales,* 410 F.3d 585, 587 (9th Cir.2005). We deny the petition.[1]

1. Physical Presence

■ Substantial evidence supports the BIA's conclusion that Ramirez cannot demonstrate the requisite ten years of con-

presence required for cancellation of removal for substantial evidence, *see Kalaw v. INS,* 133 F.3d 1147, 1151 (9th Cir.1997), and Ramirez's equal protection and statutory construction claims *de novo. See Ramadan v. Gonzales,* 427 F.3d 1218, 1222 (9th Cir.2005). We review the BIA's denial of a motion to remand for abuse of discretion. *Guzman v. INS,* 318 F.3d 911, 912 n. 1 (9th Cir.2003).

tinuous physical presence and is thereby statutorily ineligible for cancellation of removal under § 1229b(b)(1).

■ To overcome ineligibility, Ramirez argues that application of the ten year physical presence requirement to aliens who, like her, departed the United States involuntarily in an effort to flee domestic violence, violates the Equal Protection Clause because federal immigration law should "treat a party like Petitioner ... very differently from a party who leaves for light and trivial reasons." To establish an equal protection violation, Ramirez must demonstrate that § 1229b(b)(1)'s physical presence requirement is "wholly irrational." *Tovar–Landin v. Ashcroft*, 361 F.3d 1164, 1167 (9th Cir.2004) (quoting *Taniguchi v. Schultz*, 303 F.3d 950, 957 (9th Cir.2002)). Ramirez, however, has failed to demonstrate that the physical presence requirement of § 1229(b)(1) is irrational, especially in light of Congress's enactment of § 1229b(b)(2), the special rule for battered spouses, which addresses the very concerns that Ramirez advances in her equal protection argument. *See* § 1229b(b)(2)(A)(ii) (requiring a showing of only three years' continuous physical presence for applicants seeking cancellation of removal as a battered spouse); § 1229b(b)(2)(B) (mandating that "an alien shall not be considered to have failed to maintain continuous physical presence by reason of an absence if the alien demonstrates a connection between the absence and the battering or extreme cruelty perpetrated against the alien").

### 2. Tolling

■ Ramirez also appears to argue that we should toll the physical presence requirement for aliens who were forced to leave the United States involuntarily because of domestic violence. However, as with Ramirez's equal protection argument,

Congress has already addressed the equitable interests underlying this theory of statutory construction in § 1229b(b)(2) by creating the special rule for battered spouses as noted above. *See* 8 U.S.C. § 1229b(b)(2). In her application, Ramirez did not request that her removal be cancelled under the special rule for battered spouses. Because the statute incorporates equitable measures to account for the possibility that spousal abuse may have been connected to the petitioner's departure during the requisite physical presence period, *see* § 1229b(b)(2)(B), and because Ramirez declined to apply for relief under these provisions, neither the statute nor the record provide us with a basis for applying equitable tolling.

### 3. Motion to Remand

■ Furthermore, the BIA properly exercised its discretion in denying the motion to remand because the motion does not comply with applicable procedural requirements, *see* 8 C.F.R. § 1003.2(c)(1), establish a prima facie case for the relief sought, *see* 8 U.S.C. § 1229b(b)(2)(A)(i)(II), or introduce previously unavailable or material evidence of battery or extreme cruelty, *see* 8 C.F.R. § 1003.2(c)(1).

The petition for review is therefore DENIED.