**Rosario Gadista CALISAY, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–75303.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 *.

Filed Dec. 10, 2007.

Carmen DiAmore–Siah, Honolulu, HI, for Petitioner.

HI–District Counsel, Office of the District Counsel, Department of Homeland Security, Harry Yee, USH—Office of the U.S. Attorney, Honolulu, HI, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Rosario Gadista Calisay, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals'

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision finding her removable and ineligible for relief. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Guzman v. INS,* 318 F.3d 911, 912 n. 1 (9th Cir.2003) (per curiam), we grant the petition for review and remand.

The BIA erred by not construing Calisay's new evidence concerning adjustment of status as a motion to remand. *See, e.g., Iturribarria v. INS,* 321 F.3d 889, 895–97 (9th Cir.2003) (holding the BIA improperly construed a motion as one for reconsideration where it presented new evidence). Although no remand motion was made, the issue was clearly considered by the BIA. The BIA misapplied *Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253 (BIA 2002), because the government opposed remand solely on the basis that a visa had not been adjudicated. *See id.* at 256 (motion to reopen for adjustment of status may be granted while I–130 visa petition is pending where, *inter alia,* the government opposes the motion solely on the basis that a visa has not been adjudicated). Accordingly, the BIA abused its discretion in denying Calisay's motion, *see Mejia v. Ashcroft,* 298 F.3d 873, 878 (9th Cir.2002) ("The BIA does not have the discretion to misapply the law, and it abuses its discretion when it does."), and we remand for the BIA to consider whether Calisay's motion warrants remanding to the IJ.

**PETITION FOR REVIEW GRANTED; REMANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).