Bijendra PRASAD; et al., Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

Nos. 04–76477, 05–73786.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provid-

Submitted April 13, 2009.*

Filed April 21, 2009.

Dominic E. Capeci, Esq., Elisa C. Brasil, Esq., Law Offices of Kaiser & Capeci, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Loretta F. Radford, Esq., Neal B. Kirkpatrick, USTU–Office of the U.S. Attorney, Tulsa, OK, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Lead petitioner Bijendra Prasad and his family, natives and citizens of Fiji, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and the BIA's order denying his motion to reopen. We have jurisdiction under 8

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 1252. We review for substantial evidence adverse credibility findings, *Sidhu v. INS,* 220 F.3d 1085, 1088 (9th Cir. 2000), and review for abuse of discretion the denial of a motion to reopen, *Guzman v. INS,* 318 F.3d 911, 912 n. 1 (9th Cir. 2003) (per curiam). We deny the petitions for review.

 Substantial evidence supports the IJ's adverse credibility finding because Prasad demonstrated "vague to little" knowledge regarding the political party he supported, and erroneously testified the political party formed in 1987 when record evidence established it formed in 1963. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). Because the IJ had reason to question Prasad's credibility, the IJ reasonably took into account Prasad's failure to provide corroborating evidence, *see Sidhu,* 220 F.3d at 1090–92, and we are not compelled to conclude that corroborating evidence was unavailable, *see* 8 U.S.C. § 1252(b)(4)(D). In the absence of credible testimony, Prasad failed to establish he is eligible for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Prasad's CAT claim is based on the same evidence that the IJ found not credible, and Prasad points to no other evidence that the IJ should have considered, he failed to show he qualified for CAT protection. *See id.* at 1157. We reject Prasad's contention that the IJ failed to adequately consider his CAT claim.

 To the extent Prasad contends the IJ violated his right to due process by failing to consider a photograph and scars on his legs, he has not shown prejudice. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th

Cir.2000) (requiring substantial prejudice to establish due process violation).

Finally, the BIA did not abuse its discretion by denying Prasad's motion to reopen. *See Goel v. Gonzales,* 490 F.3d 735, 738–39 (9th Cir.2007) (per curiam) (upholding BIA's denial of motion to reopen because petitioner's "new" information was available and capable of discovery before his deportation hearing).

### PETITIONS FOR REVIEW DENIED.