MEMORANDUM **
In these consolidated petitions, Kuldip Singh, a native and citizen of India, petitions for review of a Board of Immigration Appeals’ (“BIA”) order affirming an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture, and a BIA order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, Sidhu v. INS, 220 F.3d 1085, 1088 (9th Cir.2000), and review for abuse of discretion the denial of a motion to reopen, Guzman v. INS, 318 F.3d 911, 912 n. 1 (9th Cir.2003) (per curiam). We deny the petitions for review.
Substantial evidence supports the IJ’s adverse credibility finding because Singh demonstrated very little knowledge regarding the political party he claimed to support, see Singh v. Ashcroft, 367 F.3d 1139, 1143 (9th Cir.2004), the document he presented from the sarpanch conflicted with his testimony, and the first letter from his father-in-law omitted mention of his son’s death, an omission that was material and not satisfactorily explained. See Wang v. INS, 352 F.3d 1250, 1258-59 (9th Cir.2003) (concluding that inconsistencies and implausibilities in testimonial and documentary evidence went to the heart of applicant’s claim and supported IJ’s adverse credibility finding). In the absence of credible testimony, Singh failed to establish he is eligible for asylum or withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
Because Singh’s CAT claim is based on the same evidence that the IJ found not credible, and Singh points to no other evidence that the IJ should have considered, he failed to show he qualified for CAT protection. See id. at 1157.
The BIA did not abuse its discretion in denying Singh’s motion to reopen as untimely where the motion was filed seven months after the BIA’s decision, see 8 C.F.R. § 1003.2(c)(2), and Singh failed to demonstrate changed circumstances in India to qualify for the regulatory exception to the time limit for filing motions to reopen, see 8 C.F.R. § 1003.2(c)(3)(ii); see also Toufighi v. Mukasey, 538 F.3d 988, 996-97 (9th Cir.2008) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial). Singh’s contention that the BIA failed to consider his request for sua sponte reopening is not supported by the record.
PETITIONS FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.