**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARAM MANOUKIAN; ANNA MANOUKIAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 05-77203, 06-71825 <br><br> Agency Nos. A070-663-567 <br> A070-663-566 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 3, 2010
Pasadena, California

Before: NOONAN, CLIFTON and BYBEE, Circuit Judges.

Aram and Anna Manoukian are Armenian nationals. They entered the

United States on tourist visas, overstayed, and were put into deportation

proceedings. They claim asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Convention Against Torture ("CAT"). Anna Manoukian's claim is as a dependent of her husband.

The Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA") found that Aram Manoukian was statutorily ineligible for a grant of asylum based upon his political opinion because he had failed to give specific testimony to show that he held a position of importance in the People's Party of Armenia ("PPA") and because he had failed to show that he had a well-founded fear of persecution should he be returned to Armenia. Because the BIA adopted the IJ's decision with additional comments, we review both decisions. *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir. 2000) (superseded on other grounds).

We review the IJ's and BIA's factual findings for substantial evidence. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). The government notes that there was no adverse credibility finding as to Aram Manoukian. In the absence of an adverse credibility finding, we take Manoukian's testimony as true. *Kataria*, 232 F.3d at 1114. But even if true, Manoukian's testimony lacked the specificity needed to support his claim. *See Limsico v. INS*, 951 F.2d 210, 212 (9th Cir. 1991). Manoukian did not provide any testimony to show that there were specific threats that would give rise to a well-founded fear of persecution should he return to Armenia. The only threats that he testified to with any specificity were allegedly

2

made to his family in Armenia while he was in the United States. But those threats too were vague, and the IJ was entitled to give less weight to this hearsay evidence. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006). The IJ and the BIA were supported by substantial evidence in their findings that Manoukian did not show his eligibility for asylum.

The IJ and BIA were also supported by substantial evidence in their findings that Manoukian had failed to bring forward specific evidence to meet his burdens for withholding of removal, or CAT protection. *See INS v. Stevic*, 467 U.S. 407, 430 (1984) (withholding of removal requires "clear probability of persecution"); *Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004) (CAT relief requires a showing of a chance greater than fifty percent than an applicant for relief will be tortured if removed).

The Manoukians' claim that they were denied due process in their hearing before the IJ has no merit. The conduct of an IJ hearing violates due process only where the proceeding is "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). The Manoukians' case was fully presented before the IJ.

Lastly, the Manoukians' claim that the BIA erred in denying their motion to reopen also lacks merit. The BIA acted within its discretion in deciding that the

3

evidence offered by the Manoukians in the motion to reopen was discoverable and available at the original hearing. *Guzman v. INS*, 318 F.3d 911, 913 (9th Cir. 2003).

The petitions for review are DENIED.