**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BALVIR SINGH-MALHI, | No. 09-73608 |
| Petitioner, | Agency No. A029-700-348 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012**

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Balvir Singh-Malhi, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") orders denying his motion to remand and

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for withholding of removal and protection under the Convention

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We review for abuse of discretion the BIA's denial of a motion to remand. *Guzman v. INS*, 318 F.3d 911, 912 n.1 (9th Cir. 2003) (per curiam). We deny the petition for review.

The BIA found that, even assuming Singh-Malhi suffered past persecution, the presumption of future persecution was rebutted. Substantial evidence supports this finding and the agency's conclusion that the record does not reflect a likelihood of persecution. *See* 8 C.F.R. § 1208.16(b)(1)(i). We reject Singh-Malhi's contentions that the BIA purported to rely on a different basis than the IJ and conducted *ultra vires* factfinding. We also reject Singh-Malhi's contention that he was deprived of the opportunity to challenge the finding that the presumption of future persecution was rebutted. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge to proceedings and characterizing a showing of prejudice as "a demonstration that the alleged violation affected the outcome of the proceedings"). In addition, Singh-Malhi's contention that the agency required corroborating evidence and did not accept his testimony as true is belied by the record. Accordingly, Singh-Malhi's withholding of removal claim fails.

In addition, substantial evidence supports the agency's conclusion that the record does not reflect a likelihood of torture if Singh-Malhi is returned to India. *See Wakkary*, 558 F.3d at 1067-68. Accordingly, his CAT claim fails.

Finally, the BIA did not abuse its discretion in denying Singh-Malhi's motion to remand where all of the documents he submitted were issued prior to his merits hearing, and he did not argue in his motion that they were previously unavailable. *See Afriyie v. Holder*, 613 F.3d 924, 937 (9th Cir. 2010) (BIA did not abuse its discretion in denying motion to consider evidence available to petitioner at the time of his immigration hearing). Nor did the BIA abuse its discretion in not setting a schedule for further briefing following our grant of the government's unopposed motion to remand for the BIA to address Singh-Malhi's motion.

**PETITION FOR REVIEW DENIED.**