NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KUI KHI SIE and PARLINDUNGAN SIMAMORA, | No. 15-70706 |
| Petitioners, | Agency Nos. A096-274-233 A096-274-232 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2018**
Pasadena, California

Before: WATFORD and OWENS, Circuit Judges, and ZIPPS,*** District Judge.

Petitioners Kui Khi Sie and Parlindungan Simamora ("Petitioners"), natives

and citizens of Indonesia, petition for review of the Board of Immigration Appeals'

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

("BIA") denial of their motion to reopen removal proceedings. We grant the petition for review and remand to the BIA for reconsideration of Petitioners' motion to reopen in light of our intervening opinion in *Salim v. Lynch*, 831 F.3d 1133 (9th Cir. 2016).

In August 2008, an immigration judge denied Petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners claimed that they feared persecution and torture because of their Christian religion if returned to Indonesia. The BIA dismissed Petitioners' appeal, and we denied Petitioners' petition for review. *See Sie v. Holder*, 581 F. App'x 658 (9th Cir. 2014).

In December 2014, Petitioners moved the BIA to reopen the proceedings, asserting changed country conditions for Christians in Indonesia. The BIA denied the motion because (1) Petitioners did not submit new applications for asylum, withholding of removal, and protection under the CAT with their motion to reopen; (2) Petitioners failed to show materially changed country conditions for Christians in Indonesia; and (3) Petitioners failed to establish a prima facie case for the underlying relief they requested.

As a threshold matter, the BIA abused its discretion in denying Petitioners' motion to reopen based on their failure to submit new applications for underlying relief because the Department of Homeland Security did not oppose Petitioners'

motion.  *See Konstantinova v. I.N.S.*, 195 F.3d 528, 530–31 (9th Cir. 1999); *see also Guzman v. I.N.S.*, 318 F.3d 911, 914 n.3 (9th Cir. 2003).

After the BIA's 2008 decision denying Petitioners' applications for asylum, withholding of removal, and CAT protection, we issued our decision in *Salim*. *Salim* also concerned a Christian Indonesian petitioner and held that the BIA abused its discretion in denying the petitioner's motion to reopen as untimely and for failing to establish an individualized risk of persecution.  831 F.3d at 1136, 1138–41.   Based on evidence that is similar to that presented by Petitioners here, we concluded in *Salim* that the petitioner had established materially changed country conditions for Christians in Indonesia between 2006 and 2013, *id.* at 1137–39, as well as an individualized risk of persecution, *id.* at 1139–41.

As the BIA did not have the benefit of *Salim* when rendering its decision in this case, we remand to allow the BIA to address the application of *Salim* to Petitioners' motion to reopen in the first instance.

**PETITION FOR REVIEW GRANTED AND REMANDED**.