**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| WEIDA LI, | No. 16-71544 |
| Petitioner, | Agency No. A087-818-620 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023[**]

Before: FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Weida Li, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ's") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"), and denying his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review for abuse of discretion the denial of a motion to remand. *Taggar v. Ashcroft*, 736 F.3d 886, 889 (9th Cir. 2013). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in Li's testimony as to his baptism and church attendance, and his admission to using fraudulent documents in his visa applications. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (agency can afford substantial weight to inconsistencies that bear directly on petitioner's claim of persecution); *Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (false information on visa application supported adverse credibility determination). Li's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's finding that Li's documentary evidence did not independently establish eligibility for relief. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021) (absent credible testimony, petitioner failed to establish eligibility for relief). Thus, in the absence of credible testimony, in this

16-71544

case, Li's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of CAT protection because Li's claim was based on the same testimony the agency found not credible, and Li does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured in China. *See id.* at 1157.

The BIA did not abuse its discretion in denying Li's motion to remand, where Li failed to establish that the evidence he submitted was unavailable at the time of his removal hearing. *See Guzman v. INS*, 318 F.3d 911, 913 (9th Cir. 2003) (affirming denial of motion to reopen because "new" information was available and capable of discovery prior to deportation hearing); *Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1987) ("The formal requirements of the motion to reopen and those of the motion to remand are for all practical purposes the same.").

**PETITION FOR REVIEW DENIED.**