NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SORAIDA NOHEMI PASCUAL CASTRO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-164

Agency No.
A213-090-424

MEMORANDUM[*]

D.P.L.P.,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1801

Agency No.
A213-090-425

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 4, 2025
Pasadena, California

Before: CALLAHAN, NGUYEN, and KOH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Soraida Nohemi Pascual Castro and her minor child D.P.L.P., natives and citizens of Guatemala, petition for review of an order by the Board of Immigration Appeals ("BIA") denying Pascual Castro's motion for remand and dismissing her appeal of an order by the Immigration Judge ("IJ") denying asylum and withholding of removal.[1,2] We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's denial of the motion to remand for abuse of discretion, *see Ani v. Bondi*, 155 F.4th 1118, 1126 (9th Cir. 2025), we deny the petition.

1. Pascual Castro moved the BIA to remand for the IJ "to fully develop the record as to [a] family-based particular social group," but a motion for remand to expand the evidentiary record must "state the new facts that will be proven" and "be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1); *see Coria v. Garland*, 114 F.4th 994, 1001 (9th Cir. 2024) (explaining that a motion to remand "is evaluated by the same standards" as a motion to reopen), *cert. denied sub nom. Coria v. Bondi*, 145 S. Ct. 1961 (2025). Pascual Castro failed to meet this requirement. Even if, as she argues, "new and [favorable] case law" can satisfy her burden, she did not cite any such case law in her motion, and

---

[1] D.P.L.P. is a derivative beneficiary of Pascual Castro's asylum application. D.P.L.P. separately appealed the IJ's denial of relief to the BIA but does not challenge the BIA's dismissal of the separate appeal. Therefore, D.P.L.P.'s claims are derivative of Pascual Castro's.

[2] The IJ also denied relief under the Convention Against Torture, but Pascual Castro did not challenge that ruling before the BIA and does not challenge it here.

the BIA did not abuse its discretion by declining to consider the case law she cited in her briefing waiver. *Cf. Guzman v. INS*, 318 F.3d 911, 913 (9th Cir. 2003) (per curiam) (holding that the BIA has discretion to consider separate filings separately even if they are arguably related).

2. The BIA did not err in concluding that the IJ properly characterized Pascual Castro's particular social group as being based on her perceived wealth. In a declaration, she stated: "I fear that members of *Los Chepas* will assume that we have money because we are returning from the [United States]." At the hearing before the IJ, Pascual Castro reiterated her fear that gang members would harm her and D.P.L.P. upon their return to Guatemala: "if they know that we are here in the United States they will think that we have money, a lot of money." Thus, the evidence supports the IJ's characterization.

3. Pascual Castro did not raise her remaining contentions—regarding persecution based on imputed political opinion and defects in the notice to appear—before the BIA. Because the government objects to these contentions as unexhausted, we cannot consider them. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).[3]

**PETITION DENIED.**

---

[3] The motion for stay of removal, Dkt. No. 7, is denied.