NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFERSONKING ANYANWU, Petitioner, v. TODD BLANCHE, Acting Attorney General, Respondent. | No. 24-6426 Agency No. A214-553-389 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 29, 2026**

Before: RAWLINSON, MENDOZA, and DESAI, Circuit Judges.

Jeffersonking Anyanwu, a native and citizen of Nigeria, petitions for review

of a Board of Immigration Appeals ("BIA") decision dismissing his appeal of an

immigration judge's denial of his application for deferral of removal under the

Convention Against Torture ("CAT") and denying his motion to remand to consider

---

\* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

additional evidence. Anyanwu seeks CAT protection because he fears the Nigerian government will torture him if he is returned.[1] Anyanwu's fear of torture is based primarily on Anyanwu's father's allegations that the Nigerian government persecuted and tortured him on several occasions because of his political activism and a book that he wrote exposing corruption in the Nigerian government. According to Anyanwu's father, Nigerian police and military burned his house down in response to a meeting about the contents of the book. Anyanwu and his father testified that Anyanwu's uncle was in the home and killed in the fire.

We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility determinations and the denial of a claim for CAT protection for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017); *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021). We review the denial of a motion to remand for abuse of discretion. *Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015). We deny the petition.

1.      Substantial evidence supports the BIA's conclusion that, under the totality of the circumstances, Anyanwu and his father did not testify credibly. *See Alam v. Garland*, 11 F.4th 1133, 1136 (9th Cir. 2021) (en banc). First, the BIA

---

[1]      Anyanwu is only eligible for deferral of removal under the CAT. His prior conviction makes him ineligible for asylum, statutory withholding of removal, or withholding of removal under the CAT. *See Maldonado v. Lynch*, 786 F.3d 1155, 1162 n.7 (9th Cir. 2015) (en banc).

permissibly considered Anyanwu's role in a money laundering conspiracy that used false pretenses to obtain money from victims as a "relevant factor" bearing on his credibility. *See* 8 U.S.C. § 1229a(c)(4)(C); *cf.* Fed. R. Evid. 609(a). Next, the BIA relied on three inconsistencies that are supported by the record: (1) Anyanwu and his father testified that the uncle was visiting for a social visit or the book launch, but Anyanwu's father's written declaration said the uncle was visiting due to his "ill health," (2) Anyanwu's father testified that his laptop was destroyed in the fire, but his written declaration stated that the authorities took the laptop, and (3) testimony that Anyanwu's uncle died at Anyanwu's father's house, which is not the address listed on the death certificate. Last, the BIA concluded that two aspects of Anyanwu's testimony were inherently implausible. *See* 8 U.S.C. § 1229a(c)(4)(C). Under the totality of the circumstances, the record does not compel the conclusion that Anyanwu and his father testified credibly. *See Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) ("To reverse [an adverse credibility] finding we must find that the evidence not only *supports* a contrary conclusion, but *compels* it." (citation modified)).

2.  Substantial evidence supports the BIA's determination that, given the lack of credible testimony, Anyanwu did not prove that it is more likely than not that he will be tortured by the government if removed to Nigeria. *See Mairena v. Barr*, 917 F.3d 1119, 1125 (9th Cir. 2019) (per curiam). The agency concluded that

although Anyanwu's father likely faced persecution on account of his political activities, no one in the Nigerian government has the means or intent to torture Anyanwu, and no record evidence suggests that the families of those involved in political activism were systematically targeted. The record does not compel a contrary conclusion. *See, e.g.*, *Shrestha v. Holder*, 590 F.3d 1034, 1049 (9th Cir. 2010).

3. The BIA did not abuse its discretion by denying Anyanwu's motion to remand to consider further evidence. The BIA may deny a motion to remand if the petitioner fails to "introduce previously unavailable, material evidence." *See Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023) (citation modified). Here, Anyanwu fails to show that the evidence he submitted with his motion to remand was previously unavailable because the articles and letter that he submitted all predated his merits hearing. The evidence was thus "available and capable of discovery" before his hearing, and the BIA did not abuse its discretion by denying the motion to remand. *See Guzman v. I.N.S.*, 318 F.3d 911, 913 (9th Cir. 2003) (per curiam).

**The petition for review is DENIED.**