**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**Marvin Enrique Aguilar ROSALES; Novia Elizeth Aguilar, Petitioners,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**No. 06–70792.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 \*\*.

Filed Dec. 10, 2007.

Elizabeth Torres, Foss and Torres, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Mark C. Walters, Esq., Office of Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

MEMORANDUM ***

Marvin Enrique Aguilar Rosales, a native and citizen of Guatemala, and his wife, Novia Elizeth Aguilar, a native and citizen of Honduras, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to remand based on ineffective assistance of counsel, and dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, relief under the Convention Against Torture, and cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, *Guzman v. INS*, 318 F.3d 911, 912 n. 1 (9th Cir.2003) (per curiam), and review de novo claims of ineffective assistance, *Reyes v. Ashcroft*, 358 F.3d 592, 595 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

Petitioners' contention that the agency violated their due process rights by disregarding their evidence of hardship is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

The BIA correctly determined Petitioners did not show prejudice, where they presented no evidence to the BIA that former counsel's ineffective assistance "may have affected the outcome of proceedings." *Iturribarria v. INS*, 321 F.3d 889, 899–90 (9th Cir.2003).

We lack jurisdiction to consider Petitioners' contentions regarding the IJ's denial of their asylum claim because they failed to raise those issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**