**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERARDO GARCIA LOPEZ, | No. 10-72658 |
| Petitioner, | Agency No. A089-958-122 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Gerardo Garcia Lopez, a native and citizen of Mexico, petitions for review
of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an
immigration judge's decision denying his application for cancellation of removal
and his motion for a continuance, and denying his motion to remand. We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence finding. *Landin-Zavala v. Gonzales*, 488 F.3d 1150, 1151 (9th Cir. 2007). We review for abuse of discretion the denial of a request for a continuance and the denial of a motion to reopen or remand. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We review de novo due process claims. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's finding that Garcia Lopez failed to establish the requisite ten years of continuous physical presence for cancellation of removal at the time he was served with his Notice to Appear. *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(1).

The agency did not abuse its discretion in denying Garcia Lopez's motion for a continuance for failure to show good cause. *See* 8 C.F.R. § 1003.29. Garcia Lopez also failed to show he was prejudiced by the denial of the continuance. *See Cruz Rendon*, 603 F.3d at 1109-11 (to prevail on due process claim that he was denied full and fair hearing, alien must show prejudice).

The BIA acted within its discretion in denying Garcia Lopez's motion to remand for failure to demonstrate that the evidence submitted with the motion was

previously unavailable, *see* 8 C.F.R. § 1003.2(c)(1); *Guzman v. INS*, 318 F.3d 911, 913 (9th Cir. 2003) (per curiam) (affirming denial of motion to reopen where "new" information was available and capable of discovery prior to hearing), and for failure to submit sufficient evidence to establish prima facie eligibility for cancellation of removal, *see* 8 C.F.R. § 1003.2(c)(1); *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1171 (9th Cir. 2006) (prima facie eligibility is demonstrated by a showing that there is a reasonable likelihood that the statutory requirements for relief have been satisfied).

**PETITION FOR REVIEW DENIED.**

10-72658