NOT FOR PUBLICATION

FILED

OCT 01 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA NELY IRAHETA-MEJIA, | No. 12-74146 |
| Petitioner, | |
| v. | Agency No. A094-922-147 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Maria Nely Iraheta-Mejia, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to remand and dismissing her appeal from an immigration judge's ("IJ") order denying her motion to reopen.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of motions to reopen and remand, *Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir. 1999), and we deny the petition for review.

The agency did not abuse its discretion in denying Iraheta-Mejia's motion to reopen as untimely because the motion was filed over three years after the final administrative order, *see* 8 C.F.R. § 1003.2(c)(2), and Iraheta-Mejia failed to establish materially changed circumstances in El Salvador to qualify for the regulatory exception to the time limitations for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 987-89 (9th Cir. 2010) (evidence of changed circumstances must be qualitatively different from what could have been presented at prior hearing). We reject Iraheta-Mejia's contentions that the agency's treatment of her affidavit and other evidence was improper or inadequate. *See Najmabadi*, 597 F.3d at 990 (the BIA "does not have to write an exegesis on every contention").

Contrary to Iraheta-Mejia's contention, the BIA did not err in treating her motion to remand as a second motion to reopen. *See Guzman v. INS*, 318 F.3d 911, 913 (9th Cir. 2003) (per curiam) (motion to remand filed while appeal of IJ's denial of previous motion to reopen was pending was properly treated as a second motion to reopen). The BIA did not abuse its discretion in denying Iraheta-Mejia's

motion to remand as untimely and number-barred because this second motion was filed over three years after the final administrative order, *see* 8 C.F.R. § 1003.2(c)(2), and Iraheta-Mejia failed to establish materially changed circumstances in El Salvador to qualify for the regulatory exception to the time and number limitations for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 987-89.

Iraheta-Mejia does not challenge the agency's determinations regarding ineffective assistance of counsel. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

In light of our disposition, we need not reach Iraheta-Mejia's remaining contentions.

**PETITION FOR REVIEW DENIED.**